NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                            :
WARREN GORE,                                :
                                            :
                    Petitioner,             :
                                            :        Crim. A. No.  90-304 (SRC)
v.                                          :
                                            :        **OPINION**
UNITED STATES OF AMERICA,                   :
                                            :
                    Respondent.             :
_____:


**Chesler, U.S.D.J.**

This matter comes before the Court on a motion by *pro se* Petitioner Warren Gore

seeking appointment of counsel [Docket Entry No. 38], and a motion filed by the United States

of America (hereinafter "the Government") to dismiss [Docket Entry No. 33] a petition for relief

pursuant to the writ of *audita querela*, 28 U.S.C. § 1651, ("the Petition") filed by Petitioner to

vacate, set aside or correct his sentence [Docket Entry No. 25].  Because the Court concludes that

Petitioner's prayer for relief is properly construed as a successive habeas petition filed without

the permission of the Third Circuit Court of Appeals, the Court grants the Government's motion

to dismiss the petition for lack of jurisdiction and denies Petitioner's application for appointment

of counsel.

**I. Background**

On April 22, 1991, a jury found Petitioner guilty of conspiracy to distribute heroin in

violation of 21 U.S.C. § 841(a)(1).  On February 28, 1992, the Honorable John C. Lifland,

U.S.D.J., sentenced Petitioner to 360 months imprisonment. Petitioner appealed his conviction and sentence, which were affirmed by the Court of Appeals for the Third Circuit on April 6, 1993. He subsequently filed a petition for a writ of certiorari, which the Supreme Court denied on October 12, 1993. See Gore v. U.S. 510 U.S. 920 (1993). On April 15, 1997, Petitioner filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. After considering the petition and the Government's opposition, Judge Lifland entered an order on June 5, 2000 dismissing the 2255 petition and did not issue a certificate of appealability. On June 13, 2006, the Third Circuit denied Petitioner's application for permission to file a second or successive 2255 petition.

On August 1, 2008, Petitioner filed a petition seeking a "writ of error *audita querela*" pursuant to 28 U.S.C. § 1651. The Government then filed the instant motion to dismiss the writ, arguing that Petitioner's prayer for relief is properly characterized as a successive § 2255 petition, the filing of which is barred by § 2255(h).

## II. Discussion

### A. Standard of Review for 12(b)(1) Motions to Dismiss

Gore is a *pro se* petitioner. It is well settled that a *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* petition should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

With respect to the Government's motion, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's "authority or competence to hear and decide the case before it." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1350 (3d ed. 2004). In the absence of subject matter jurisdiction, this Court is without power to

hear the case. See Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999). The party

asserting jurisdiction bears the burden of demonstrating in the record that jurisdiction is proper.

Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).

### B.  The Common Law Writ of *Audita Querela*

The writ of *audita querela*, Latin for "the complaint having been heard," is an ancient

writ used to challenge a judgment that, while justified at the time it was rendered, has been

placed in question by subsequently discovered evidence or by a new legal defense.  Black's Law

Dictionary (8th ed. 2004).  While the Federal Rules of Civil Procedure have abolished the writ of

*audita querela*, the remedy remains available in federal criminal cases.  See Fed R. Civ. P. 60(e);

 United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Quintana v. Nickolopoulous, 768

F. Supp. 118, 120 (D.N.J. 1991). In criminal cases, the writ is available only where there is a

legal, rather than an equitable, objection to a conviction that has arisen subsequent to the

conviction and is not redressable by another postconviction remedy.  See Muirhead v. Attorney

Gen. of U.S., 262 F. App'x 473, 474 (3d Cir. 2008); United States v. LaPlante, 57 F.3d 252, 253

(2d Cir. 1995);  United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991).  Courts have limited the

remedy to only those instances in which there are gaps in the framework of federal

postconviction relief for which no other remedy is available.  See United States v. Hannah, 174

F. App'x 671, 673 (3d Cir. 2006), cert. denied, 549 U.S. 914 (2006); United States v. Valdez-

Pacheco, 237 F.3d 1077, 679 (9th Cir. 2001).

### C. Petitioner's Claims

Petitioner was sentenced to 360 months in prison.  Petitioner claims that he is entitled to

relief via a writ of *audita querela*, pursuant to 28 U.S.C. § 1651, because the trial court "imposed

[the] punishment without affording [Petitioner] the [p]rocedural protections our Constitution provides against wrongful infliction of punishment, indictment, proof beyond a reasonable doubt, and trial by jury. [T]he sentencing procedure used in this case violated [Petitioner's] constitutional rights because the judge inflicted punishment that the jury verdict alone does not allow."  (Brief in Support of Writ at 14 [Docket Entry No. 25].)  Petitioner cites a number of United States Supreme Court decisions, including Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), in asserting that he was improperly sentenced because, in calculating the sentence, Judge Lifland considered aggravating factors that were never proven beyond a reasonable doubt at trial.  Petitioner cites Booker for the proposition that he was denied his Sixth Amendment right to a jury finding regarding facts that increased the statutory maximum sentence imposed in his case.[1]  (Br. in Support of Writ at 16.)  He concludes that Booker and Apprendi yielded a newly created right to be sentenced based only upon factors that have been found by a jury beyond a reasonable doubt  – a right which was not available to him at the time he was sentenced.  (Id. at 13-16.)  Because Judge Lifland based his sentence on judicial findings that the offense involved, among other things, the use of a firearm and between three and five kilograms of heroin, Petitioner claims that his constitutional rights under Booker were violated.  Petitioner seeks to have his sentence vacated through the issuance of a writ of audita querela because he has previously filed a petition for habeas corpus to vacate his sentence

---

[1] In Booker, the Supreme Court held that an enhanced sentence imposed under the United States Sentencing Guidelines violated the Sixth Amendment where it was "based on the sentencing judge's determination of fact (other than prior conviction)."  Booker, 543 U.S. at 245. "The Sixth Amendment requires juries, not judges, to find facts relevant to sentencing."  Id. The Court went on to hold that the provisions of the Federal Sentencing Act that made the Sentencing Guidelines mandatory, specifically 18 U.S.C. §§ 3553(b)(1) and 3742(e), were unconstitutional. Id.  In so holding, the Court rendered "the Guidelines effectively advisory."  Id.

pursuant to 28 U.S.C. § 2255, which was denied. Therefore, he contends that the violation of his "newly created rights" cannot be remedied under any existing federal post-conviction remedy save for the writ of *audita querela*. (Id. at 2.)

The writ of *audita querela* may only be employed to "fill in the gaps" in federal criminal post conviction remedies. Valdez-Pacheco, 237 F.3d at 1079. Petitioner suggests that a gap has been created by the Supreme Court's failure to retroactively apply the procedural rules laid down in Booker.[2] In support of this argument, Petitioner cites to United States v. Morgan, 346 U.S. 502, 510-11 (1954), where the Supreme Court held that § 2255 does not occupy the entire field of federal post-conviction relief, and to Kessack v. United States, 2008 WL 189679, at *5 (W.D. Wash. January 18, 2008), where a district court declined to construe a petition for a writ of audita querela as a § 2255 petition where the petitioner sought to assert retroactive claims under Booker. In Kessack, the district court suggested that although Booker is not applied retroactively in habeas cases, the writ of *audita querela* might be used "to achieve justice in extraordinary situations where other postconviction remedies are unavailable." Id. at *6. The district court ordered the petitioner resentenced under 18 U.S.C. § 3582(c)(2) because "because Booker announced a new rule of constitutional law that was unforeseeable at the time of his resentencing, appeal and habeas petitions." Id. at 5. Based on this same rationale, Petitioner seeks to have his sentence vacated and to be resentenced under the procedural guidelines laid down in Booker. (Br. in Support of Writ at 24-25.)

---

[2] The Supreme Court's decision in Booker "does not apply retroactively to cases on collateral review." Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005).

Section 2255, not a writ of *audita querela*, is the presumptive means for a federal prisoner to challenge his sentence. Davis v. United States, 417 U.S. 333, 343 (1974). Under 28 U.S.C. § 2255(a), a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." The district court will correct a sentence if it finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. A petitioner may file a second or successive § 2255 petition only by complying with the strict limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA amended § 2255 to limit second or successive petitions to only those cases in which a panel of the appropriate court of appeals certifies that the petition contains (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255(h). Where the appropriate court of appeals has not authorized a second or successive § 2255 petition, a court lacks the subject matter jurisdiction necessary to consider a petitioner's prayer for relief. Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002).

A writ of *audita querela* will not issue where habeas relief is otherwise cognizable under 28 U.S.C. § 2255. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); Valdez-Pacheco, 237 F.3d at 1080. Despite Petitioner's protestations otherwise, the relief he is seeking – the vacatur of his original sentence – is precisely the type of relief afforded by a 2255 petition. In a series of unpublished

opinions, the Third Circuit Court of Appeals has concluded that a petitioner may not invoke the writ of *audita querela* where he asserts a claim that falls squarely within the realm of relief provided for by 28 U.S.C. § 2255.  See United States v. Paster, 190 F. App'x 138, 139 (3d Cir. 2006); Shelton v. United States, 201 F. App'x 123, 124 (3d Cir. 2006); United States v. Hannah, 174 App'x 671, 673 (3d Cir. 2006).[3] In Paster, the Third Circuit held "that [a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs such as *audita querela*."  Paster, 190 F. App'x at 139 (citations omitted).  The Third Circuit's rationale for construing the petitioner's writ of audita querela as a successive 2255 peition was based, in part, on the Eleventh Circuit's decision in United States v. Holt, 417 F.3d 1172 (11th Cir. 2005).  Paster, 190 F. App'x at 139.  In Holt, the court of appeals noted that "[t]he Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have determined [] that a federal prisoner may not use the writ of audita querela where postconviction relief is available through § 2255 or *coram nobis* motions."  Holt, 417 F.3d at 1175 (citations omitted).

The Petitioner previously filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence.  Judge Lifland dismissed the petition and did not issue a certificate of appealability. Apparently aware of the obstacle posed by the AEDPA's gatekeeping requirements to filing a second 2255 petition, Petitioner has been careful to characterize this Petition as one for relief in

---

[3] The Court is keenly aware of the Third Circuit's admonitions regarding the citation to its unpublished, non-precedential opinions.  See, e.g., Jamison v. Klem, 544 F.3d 266, 278 n.11 (3d Cir. 2008).  However, since several unpublished, non-precedential opinions of the Third Circuit are directly on point on the issue of whether Petitioner may circumvent the AEDPA gatekeeping requirements by casting his Petition as one for a writ of *audita querela* rather than as one for relief under 28 U.S.C. § 2255, the Court cites these opinions as persuasive authority.

the form of a writ of *audita querela*.[4]  He goes so far as to note on the cover page of his Petition

that "THIS IS NOT A MOTION PURSUANT TO Title 28 U.S.C. 2255."  (Br. in Support of

Writ at 1.)  He attempts to distinguish his petition from one brought under 2255 by contending

that the Supreme Court's refusal to apply <u>Booker</u> retroactively forecloses him from seeking relief

under § 2255.  Petitioner claims that "failure to allow review of [his] claim by invoking the

substantial procedural barrier to Section 2255 would raise serious constitutional questions."  (Br.

in Support of Writ at 10) (citations omitted).   Therefore, Petitioner avers that a gap in has been

created in postconviction remedies for which no relief is available.

Despite Petitioner's contentions, the Court concludes that the fact that the AEDPA would

bar a second or successive 2255 petition does not create a gap that can be filled by the writ of

*audita querela*.  <u>See</u> <u>Paster</u>, 190 F. App'x at 139; <u>Hannah</u>, 174 F. App'x at 673; <u>McCrory v.

United States</u>, 2008 WL 5381358, at *3 (E.D. Pa. Dec. 23, 2008).  It is of no significance that the

relief sought is barred by the Supreme Court's refusal to retroactively apply <u>Booker</u>.  Rather, a

2255 petition is inadequate or ineffective "only where the petitioner demonstrates that some

limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full

hearing and adjudication of his wrongful detention claim." <u>Cradle v. United States</u>, 290 F.3d 536,

538 (3d Cir.2002) (citations omitted). Section 2255 is not "'inadequate or ineffective' merely

---

[4] Petitioner's overt efforts to avoid the barriers on successive 2255 petitions imposed by
the AEDPA belie his argument that <u>Apprendi</u> and <u>Booker</u> should be applied retroactively to his
case.  If rules laid down in <u>Apprendi</u> and <u>Booker</u> could be applied retroactively to Petitioner's
case, which they cannot, the requirements imposed by the AEDPA would not impede the filing
of a second or successive petition.  <u>See</u> <u>In re Olopade</u>, 403 F.3d 159, 164 (3d Cir. 2005) (holding
that <u>Booker</u> fails to supply petitioners seeking to file second or successive 2255 petitions with the
required evidence of a "new rule of constitutional law, made retroactive to cases on colalteral
review."); <u>In re Turner</u>, 267 F.3d 225, 230 (3d Cir. 2001) (holding that <u>Apprendi</u> claims are not
cognizable in successive 2255 petitions).

because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." "It is the inefficiency of the remedy, not the personal inability to use it, that is determinative." Id. (citations omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539 (citations omitted). "To declare that the restrictions in [the] AEDPA, which would likely prevent Petitioner from bringing his claims under § 2255, create a gap that merits the Court's application of the common law writ of audita querela would merely serve to circumvent the intent of Congress." McCrory, 2008 WL 5381358, at *3. "Such is not the prerogative granted this Court by the 'gap-filling' powers of the All Writs Act." Id.

The holding in Kessack v. United States, does not change the outcome of this case. First, Kessack is not binding precedent upon this Court and is, quite frankly, a small island in a sea of cases that have refused to permit petitioners to invoke the writ of *audita querela* to avoid complying with the requirements of § 2255(h). And second, the Kessack court granted the petition for a writ of *audita querela* because it found that "truly extraordinary circumstances and equities . . . distinguish[ed] Mr. Kessack from other defendants sentenced prior to Booker." 2008 WL 189679, at *5. Specifically, although Mr. Kessack was convicted along with six co-defendants, "[a]fter all appeals and re-sentencing, Mr. Kessack [was] subject to a sentence of at least 20 years greater than any co-defendant." The court found that this was "an extreme disparity of sentence" and that Mr. Kessack was, "under the circumstances, uniquely impacted by the Guideline calculations." Id. Because "[r]e-sentencing [was] necessary to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct," and because "re-sentencing . . . under the now-advisory federal Sentencing Guidelines [was] necessary to achieve fundamental justice," the court granted the petition for writ of *audita querela* and ordered that he be resentenced.  Id. (citations omitted).  In Petitioner's case, there are no  "extraordinary circumstances" to justify removing his petition for resentencing from within the reach of § 2255.  Indeed, at least four of Petitioner's co-defendants are still incarcerated.  One co-defendant is, like Petitioner, serving a sentence of 360 months.  In addition, Petitioner's sentence was based, in part, on the fact that he had a prior conviction for a felony drug offense.  Therefore, resorting to a petition of writ of *audita querela* is improper and unwarranted.

The Court construes the Petition as one for relief under 28 U.S.C. § 2255.  Regardless of the label used by Petitioner, the subject matter of the petition, and not the title he assigns, determines its status.  The form of relief Petitioner is seeking, if available at all, can be afforded pursuant to 28 U.S.C. § 2255.  Petitioner contends that "the sentencing procedure used in this case violated [his] constitutional rights because the judge inflicted punishment that the jury verdict alone does not allow."  (Br. in Support of Writ at 14.)  This falls squarely within the grounds for which a prisoner may challenge his sentence pursuant to Section 2255.  Although Petitioner argues that relief was not available at the time of his sentencing, the Third Circuit has held that Apprendi and Booker do not apply retroactively.  This Court cannot find otherwise, whether pursuant to Section 2255 or on a writ of *audita querela*.  Therefore, the Court treats this Petition as one to vacate Petitioner's sentence pursuant to 28 U.S.C. § 2255, the filing of which is barred by the gatekeeping provisions of the AEDPA.

### D. Petitioner's Application for Appointment of Counsel

Petitioner seeks appointment of counsel to assist with his § 2255 petition. Contrary to Petitioner's claims, there is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), this Court may appoint counsel to represent an indigent habeas petitioner if it determines "that the interests of justice so require." Because the Court determines that the factual and legal issues presented by Petitioner are "straightforward and capable of resolution on the record," the Court denies Petitioner's application for appointment of counsel. Reese, 946 F.2d at 264 (citations omitted).

## III. Conclusion

Petitioner challenges the constitutionality of his sentence based on the holdings in Apprendi and Booker. Since this is the type of claim that is cognizable under 28 U.S.C. § 2255, Petitioner's prayer for relief pursuant to a writ of *audita querela* is properly construed as a § 2255 petition to vacate, set aside or correct his sentence. And because this Petition is not his first request for such relief under § 2255, Petitioner must satisfy the requirements of § 2255(h) by coming forth with newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. Because Petitioner has not obtained certification from the Third Circuit to file a second or successive 2255 petition, the Court lacks jurisdiction to consider the Petition. Therefore, the Court grants the Government's motion to dismiss Petitioner's § 2255 petition without prejudice for lack of subject matter

jurisdiction.[5]  In addition, for the reasons stated in Section II(D) of this Opinion, the Court denies

Petitioner's application for appointment of counsel.  An appropriate Order follows this Opinion.

   s/ Stanley R. Chesler
Stanley R. Chesler,
United States District Judge

Dated: February 20, 2009

---

[5] A court dismissing a second or successive § 2255 petition should do so without prejudice in case "the Supreme Court subsequently makes <u>Booker</u> retroactive to cases on collateral review." <u>Olopade</u>, 403 F.3d at 164.