**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                                          :
UNITED STATES OF AMERICA,        :
                                                          :
         Plaintiff,                       :
                                                          :       Crim. A. No.  90-304 (SRC)
v.                                                       :
                                                          :       **ORDER & OPINION**
WARREN GORE,                              :
                                                          :
         Defendant.                    :
_____:

**Chesler, U.S.D.J.**

      This matter comes before the Court on a motion [Docket Entry No. 42] by *pro se* Defendant Warren Gore seeking reconsideration of the Court's Order dated February 20, 2009 [Docket Entry No. 39] granting the United States of America's (hereinafter "the Government") motion to dismiss a petition for relief pursuant to the writ of *audita querela*, 28 U.S.C. § 1651, ("the Petition") filed by Petitioner to vacate, set aside or correct his sentence.  Petitioner moves for reconsideration of the Court's previous decision based on the argument that the Court dismissed the Petition based on a clear error of law. (Defendant's Brief at 1.)  Further, Defendant suggests that reconsideration is appropriate to prevent manifest injustice.  (Id.)

      As an initial matter, although this is a criminal case, and Defendant has filed this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court will consider this a properly filed motion for reconsideration.  The Federal Rules of Criminal Procedure do not include a provision that governs motions for reconsideration of court orders.  However, Rule 1.1

of our Local Criminal Rules provides that Rule 7.1 of the Local Civil Rules, which provides for reconsideration, is applicable in criminal cases. See U.S. v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) (finding that motions for reconsideration may be filed in criminal cases). Rule 7.1(i) of the Local Civil Rules for the District of New Jersey governs motions for reconsideration or reargument.[1] It is well-established that a court may grant a motion under the rule only if the moving party demonstrates that the court, in reaching its prior decision, overlooked a controlling decision of law or a dispositive factual matter which, if considered by the court, might reasonably have resulted in a different conclusion. See Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 612 (D.N.J. 2001). However, relief by way of a motion for reargument is "an extraordinary remedy" that is only to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). Stated another way, a motion for reconsideration may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995). Courts are not authorized to grant a motion for reconsideration based on a party's mere disagreement with the court's decision. See Id.; G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and

---

[1] Some of the cases cited below refer to Rule 7.1(g). However, Local Civil Rule 7.1 was amended on February 24, 2005, so that motions for reconsideration are now governed by Local Rule 7.1(i). For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

In this motion, Defendant does not allege any change in controlling legal authority, nor does he argue that any previously unavailable evidence has come to light. Instead, he argues the Court improperly construed his motion, which he denominated as an application for a "writ of error *audita querela*," as a second or successive habeas petition which was barred by the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, Defendant claims that the Government's citation in its brief in support of the motion to dismiss to U.S. v. Laury, 2008 WL 2940805 (N.D. Tex. July 30, 2008) and U.S. v. Cox, 2008 927695 (E.D. Ark. April 3, 2008), caused the Court to dismiss his Petition based on a clear error of law because in Laury and Cox, unlike here, the defendants were career offenders whose sentences were statutorily mandated. Therefore, those cases cited by the Government are inapposite.

In reaching its previous decision, this Court dismissed Defendant's petition for a writ of *audita querela* because such a prayer for relief is available only in those instances in which there are gaps in the framework of federal postconviction relief for which no other remedy is available. See United States v. Hannah, 174 F. App'x 671, 673 (3d Cir. 2006), cert. denied, 549 U.S. 914 (2006); United States v. Valdez-Pacheco, 237 F.3d 1077, 679 (9th Cir. 2001). In his Petition, Defendant alleged that he was improperly sentenced because, in calculating the sentence, Judge Lifland considered aggravating factors that were never proven beyond a reasonable doubt at trial. Therefore, he sought to have his sentence vacated and/or amended. As the Court pointed out in its February 20, 2009 Order and Opinion dismissing Defendant's Petition, "Section 2255, not a

writ of *audita querela*, is the presumptive means for a federal prisoner to challenge his sentence." (Opinion at 6 (citing Davis v. United States, 417 U.S. 333, 343 (1974)).) A writ of *audita querela* will not issue where habeas relief is otherwise cognizable under 28 U.S.C. § 2255. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); Valdez-Pacheco, 237 F.3d at 1080. Instead, the Defendant must pursue postconviction relief by filing a § 2255 petition. And since Defendant has previously filed a § 2255 petition, which was dismissed by Judge Lifland on June 5, 2000 without the court issuing a certificate appealability, any successive § 2255 petition (or prayer for relief denominated another way, but which seeks relief properly granted under § 2255) must comply with the strict limitations imposed by the AEDPA.

Contrary to Defendant's argument in support of reconsideration, the Court did not rely upon the decisions in Laury or Cox in reaching its decision to dismiss Defendant's Petition. Indeed, the Court did not even cite those cases in its Opinion accompanying the Order dismissing the Petition. To the extent that Defendant suggests that the Court should reconsider its decision because Laury and Cox are distinguishable from the Defendant's case, the Court's legal analysis nonetheless remains entirely sound and will not be revisited. Furthermore, the Court perceives no manifest injustice in denying the Petition. Petitioner's application for a writ of *audita querela* was correctly construed as a successive habeas petition filed without the permission of the Third Circuit Court of Appeals. Therefore, the Government's motion to dismiss the petition for lack of jurisdiction was providently granted by the Court and Defendant's motion for reconsideration will be denied.

As stated above, motions for reconsideration are to be granted "very sparingly." NL Indus. Inc., 935 F. Supp. at 516. Because Defendant has not demonstrated a change in controlling law, evidence not previously available, or a clear error of law or manifest injustice, he has not satisfied the Court that he is entitled to such extraordinary relief. Accordingly,

**IT IS** on this 31st day of August 2009,

**ORDERED** that Defendant's motion for reconsideration [Docket Entry No. 42] of the Court's Order dismissing his Petition for a writ of *audita querela* is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler,
United States District Judge

Dated: August 31, 2009